**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODERICK DEMMINGS,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>PACIFIC MARITIME ASSOCIATION; et al.,<br><br>　　　　Defendants-Appellees. | No. 16-35053<br><br>D.C. No. 3:13-cv-05737-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 11, 2017[**]

Before:　　CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Roderick Demmings appeals pro se from the district court's judgment in his employment action alleging federal and state law claims arising from his requests for reinstatement in 2013. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Demmings's request for oral argument, set forth in his opening brief, is denied.

review for an abuse of discretion the denial of leave to amend. *Ramirez v. Galaza*, 334 F.3d 850, 859 n.6 (9th Cir. 2003). We affirm.

The district court did not abuse its discretion by dismissing Demmings's action without granting Demmings leave to file a Fourth Amended Complaint because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

Because Demmings failed to make any arguments challenging the bases for the district court's orders dismissing his claims, Demmings has waived any challenge to the dismissal of his claims. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

We do not consider facts and allegations that Demmings raises for the first time on appeal. *See Ramirez*, 334 F.3d at 859 n.6 (9th Cir. 2003) ("[A] party may not raise new issues of fact on appeal after declining to present those facts before the trial court.").

We reject as without merit Demmings's contentions that the district court should have granted his request for an extension where the record reflects that the district court granted five extensions throughout the action.

All pending motions and requests are denied.

**AFFIRMED.**